UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERNARD T. GORDON, SR.,

                Plaintiff,

v.                                         Case No. 24-cv-372-pp

PFIZER, INC., *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Bernard T. Gordon, Sr., who is incarcerated at the Adams County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On May 2, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $5.20. Dkt. No. 8. The court received that fee on May 17, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

　　A.　Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that Green Bay Correctional Institution's health services unit (HSU) administered COVID-19 vaccinations which caused multiple reactions to his body and caused him to pass out. Dkt. No. 1 at 2. He states that he went to Green Bay's HSU, but the unit refused him treatment for days. Id. Sergeant Boatwright (not a defendant) allegedly called the HSU and told them that the plaintiff needed to be seen because his leg had been swollen for days, but the plaintiff was refused medical treatment. Id.

The plaintiff states that he did receive treatment in mid-summer and fall of 2021. Id. CO Kramer (not a defendant) allegedly had notified HSU that the

3

plaintiff's leg was swollen and that he could not walk due to an allergic reaction from the COVID-19 shots. Id. at 2-3. The plaintiff alleges that the incident happened on the north cell hall and that once he was able to see the HSU, he was placed on crutches and moved to the south cell hall. Id. at 3. He allegedly was placed in a cell on the upper tier which made it hard for him to do anything because of the crutches. Id.

The plaintiff alleges that he has had ongoing issues with his foot and leg due to medical neglect caused by his not having been seen when it first happened and by his being placed on the top tier in the south cell hall. Id. This allegedly caused him more physical, mental and emotional pain and he had to have a pillow to elevate his leg to keep it from swelling. Id. The plaintiff states that he was on the upper tier for over six months. Id. He alleges that he was placed on multiple medications which caused him to bleed when he went to the restroom, and he says he still is having medical issues from the side effects. Id.

The plaintiff seeks compensatory damages and for Pfizer and the Department of Corrections to notify him of what caused the allergic reactions from the Pfizer vaccination and what medications he could be allergic to in a Pfizer vaccination shot. Id. at 4.

C. Analysis

The plaintiff named Green Bay Correctional Institution and Green Bay's health services unit as defendants. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State

of Wisconsin nor the State's Department of Corrections is a proper defendant." Andreola v. Wisconsin, 171 F. App'x 514, 515 (7th Cir. 2006). Green Bay Correctional Institution is one of several institutions within the Department of Corrections, and the health services unit is a unit or department at the institution. Because they are not "persons" subject to suit under §1983, he cannot proceed against Green Bay Correctional or its Health Services Unit.

The plaintiff also named Pfizer, Inc., as a defendant. Section 1983 allows a person to sue someone who violates his civil rights while acting "under color of" state law. Generally, that means that for a plaintiff to have a cause of action under §1983, the person who violated his civil rights must be an employee of a state or local government—a "state actor." Pfizer is a private biopharmaceutical company, not a state actor, and the plaintiff cannot sue it under §1983. See E. Porter Cnty. Sch. Corp., 799 F.3d at 798.

The plaintiff has not stated a claim against the defendants. Construed liberally, the plaintiff alleges that initially he was not provided medical care for side effects he experienced after receiving the vaccination. But he has not explained *who*—which individual people—in the Health Services Unit denied him medical care, or why. He has not explained who gave him an upper-tier assignment. He has not explained whether he asked to be reassigned to a lower tier, who he asked and who (if anyone) refused to reassign him. He has not explained who prescribed him the medications that made him bleed, whether he told anyone about that and whether he received any help for that. Because

5

the plaintiff has not alleged any specific facts against any specific individuals, his complaint does not state a claim for which a federal court may grant relief.

The court will give the plaintiff the opportunity to file an amended complaint that explains *who* violated his civil rights, *when* they did it and *how* they did it. The court is enclosing a copy of its amended complaint form. If he decides to file an amended complaint, the plaintiff must use this form. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list in the caption of the amended complaint all the defendants he wants to sue. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court

and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **November 15, 2024**. If the court receives an amended complaint by the end of the day on November 15, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the November 15, 2024 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$344.80** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

7

Case 2:24-cv-00372-PP    Filed 10/11/24    Page 7 of 9    Document 9

The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Adams County Sheriff who oversees the Adams County Jail, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

Case 2:24-cv-00372-PP    Filed 10/11/24    Page 8 of 9    Document 9

it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include an amended complaint form along with this order.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 11th day of October, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**