UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERNARD T. GORDON, SR.,

                      Plaintiff,

v.                                        Case No. 24-cv-372-pp

PFIZER, INC., *et al.*,

                      Defendant.

## ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM

      Plaintiff Bernard T. Gordon, Sr., who was confined at the Adams County Jail when he filed this case and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal law. On October 11, 2024, the court screened the complaint under 28 U.S.C. §1915A and concluded that the complaint fails to state a claim. Dkt. No. 9 at 7. The court gave the plaintiff the opportunity to file an amended complaint and ordered that he must do so in time for the court to receive the amended complaint by November 15, 2024; the court warned the plaintiff that if he didn't file an amended complaint the court would dismiss the case based on the failure of the original complaint to state a claim. Id. at 7. The plaintiff filed a motion for extension of time to submit his amended complaint, dkt. no. 10, and the court granted his motion and extended the deadline to December 13, 2024, dkt. no. 11.

      The December 13, 2024 deadline has passed and the court has not received an amended complaint. The court's November 13, 2024 order has not

1

been returned to the court as undeliverable, and the court has no reason to believe that the plaintiff did not receive it. However, the court's staff checked with the Adams County Sheriff and the plaintiff was released from the jail on November 20, 2024. As is said it would do in its previous order, the court will dismiss the case.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The clerk's office will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying

the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 2nd day of January, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**